**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Cal. Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REBECCA B. RIVERA, <br><br> Plaintiff, <br><br> v. <br><br> NAVIENT SOLUTIONS, LLC, <br><br> Defendant. | Case No. 5:20-cv-01183 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.** <br><br> **2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ*.** <br><br> **JURY TRIAL DEMANDED** |

**NOW COMES** REBECCA B. RIVERA, through undersigned counsel, complaining of NAVIENT SOLUTIONS, LLC, as follows:

### NATURE OF THE ACTION

1.  This action is seeking redress for Defendant's violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.; and the Rosenthal Fair Debt Collection Practices Act (the "RFDCPA"), Cal. Civ. Code § 1788 *et seq*.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4.  Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

**PARTIES**

5. REBECCA B. RIVERA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 902 Church Street, Redlands, California 92374.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1788.2(h).

8. NAVIENT SOLUTIONS, LLC ("Navient") is a limited liability company organized and existing under the laws of the state of Delaware.

9. Navient has a principal place of business at 13865 Sunrise Valley Drive, Herndon, Virginia 20171.

10. Navient is a "person" as defined by 47 U.S.C. § 153(39).

11. Navient is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACUTAL ALLEGATIONS**

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9791.

13. At all times relevant, Plaintiff's number ending in 9791 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. Years ago, Plaintiff entered into an obligation for a student loan in order to further her education.

16. After experiencing financial hardship, Plaintiff could not stay current on her student loan repayment obligations..

17. In approximately February 2020, after she had defaulted on her student loan, Plaintiff began receiving telephone calls from Navient on her cellular telephone.

2

18. When answering Navient's phone calls, Plaintiff would experience a silent pause before she was connected to a live representative.

19. Because she lacked the ability to pay Navient, Plaintiff demanded that they stop calling her cellular phone.

20. Navient's representative told Plaintiff that they will make a note of her request in Navient's system.

21. Despite Plaintiff's request to stop the phone calls, Plaintiff continued to received phone calls from numbers leading back to Navient – including (202) 899-1316 and (856) 242-2508.

22. Plaintiff asked Navient to stop calling her on multiple occasions – including February 26, 2020; March 27, 2020; and April 1, 2020; yet Navient continued calling Plaintiff at least twenty (20) times after she told Navient to stop.

23. On one occasion, March 27, 2020, Plaintiff asked Navient to stop calling her, and the representative responded by indicating that he had seen a similar request was made on February 26, 2020.

24. On another occasion, April 1, 2020, Plaintiff received the first of several phone calls intended for "Justine."

25. On both April 1, 2020 and April 3, 2020, Plaintiff told Navient she was not Justine and asked Navient to stop calling her.

## DAMAGES

26. Navient's phone calls have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies persistent and unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's cellular phone, intrusion upon and occupation of Plaintiff's cellular telephone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss

3

of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Concerned with having had her rights violated, Plaintiff was forced to retain counsel and incur attorney's fees to vindicate her rights.

**COUNT I:**
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq.*)**

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. Navient placed or caused to be placed no less than 20 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

30. The TCPA defines an ATDS as equipment which has the *capacity* – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1).

31. Upon information and belief, based on the "silent pause" Plaintiff experienced, Navient employed an ATDS to place calls to Plaintiff's cellular telephone.

32. Upon information and belief, the ATDS employed by Navient transfers the call to an agent once a human voice is detected, hence the "silent pause."

33. Upon information and belief, the ATDS employed by Navient has the capacity – (A) to store numbers to be called; and (B) to dial such numbers. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator' but also includes devices with the capacity to dial stored numbers automatically.").

34. As plead above, Plaintiff revoked consent to be called on Plaintiff's cellular telephone on February 26, 2020; March 27, 2020; and April 1, 2020.

35. As plead above, Plaintiff was severely harmed by Navient's collection calls to Plaintiff's cellular telephone.

36. Upon information and belief, Navient has no system in place to document whether they have consent to contact consumers on their cellular telephones.

37. Upon information and belief, Navient has no policies and procedures in place to honor consumers' requests that collection calls cease.

38. Upon information and belief, Navient knew that their collection practices were in violation of the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

39. As a result of Navient's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

40. As a result of Navient's knowing and willful violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Navient violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

**COUNT II:**
**Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq*.)**

41. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

5

**Violation(s) of Cal. Civ. Code § 1788.11**

42. California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

43. Navient violated Cal. Civ. Code §§ 1788.11(d) and (e) by continuing to place calls to Plaintiff in spite of Plaintiff's multiple requests that they stop calling.

**Violation(s) of Cal. Civ. Code § 1788.17**

44. California Civil Code § 1788.17 provides:

Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

45. Section 1692d(5) makes "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly and continuously with intent to annoy, abuse, or harass any person at the called number" a violation of section 1692d's prohibition on engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d(5).

46. Because Navient's repeated and continuous phone calls to Plaintiff after being asked to cease run afoul of 15 U.S.C. § 1692d(5); Navient violates Cal. Civ. Code § 1788.17.

47. Section 1692e states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt," while subsection (2) states that the following conduct violates § 1692e: "[t]he false representation of – (A) the

6

character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(A).

48. By dunning Plaintiff who was not legally obligated to pay Justine's debt; Navient made false, misleading, or deceptive representations about the character and status of the debt in violation of 15 U.S.C. § 1692e(2)(A); therefore, also violating Cal. Civ. Code § 1788.17.

49. Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d), (e) and 1788.17 pursuant to Cal. Civ. Code § 1788.30 which provides:

(a) Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b) Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c) In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Navient violated Cal. Civ. Code §§ 1788.11(d) and (e);

B. an award of any actual damages sustained by Plaintiff as a result of Navient's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 10, 2020

Respectfully submitted,

**REBECCA B. RIVERA**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
6167 Bristol Parkway
Suite 200
Culver City, California 90230
+1 310-997-0471
nick@wajdalawgroup.com